IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| SCOTT OXFORD, CHRISTOPHER COLEMAN, JONATHAN GUY, and TIFFANY GOTSIS individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BROADBAND INSTALLATIONS OF IOWA, LLC, and MEDIACOM COMMUNICATIONS CORP.,<br><br>Defendants. | CASE NO. 4:17-cv-00178-SMR-RAW<br><br>**DEFENDANT BROADBAND INSTALLATIONS OF IOWA, LLC'S RESISTANCE TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION** |

COMES NOW Defendant Broadband Installations of Iowa, LLC ("Broadband"), and submits the following Resistance to Plaintiffs' Motion for Conditional Certification:

## I. PLAINTIFFS CANNOT MEET THEIR BURDEN FOR CERTIFICATION OF A NATIONWIDE COLLECTIVE ACTION

In Plaintiffs' Motion for Conditional Certification ("Plaintiffs' Motion"), Plaintiffs seek conditional certification of the following class under the Fair Labor Standards Act:

> All Technicians[1] who were classified as independent contractors while performing installation and repair work for Broadband Installations of Iowa, Inc. on behalf of Mediacom in the United States from May 19, 2014 to the present.

Plaintiffs' Motion, p. 1; Exhibit I.[2]  Broadband concedes that Plaintiffs can meet the low threshold for conditional collective action certification under the FLSA as it pertains to individuals who were classified as independent contractors while performing installation and

---

[1] Broadband notes that in Plaintiffs' Motion and in other filings with the Court, Plaintiffs use the term "Technicians" as an apparent term of art without defining the term. Broadband requests Plaintiffs to clarify the meaning associated with this term.

[2] Broadband assumes Plaintiffs' mention of "Broadband Installations of Iowa, Inc." is in error and that Plaintiffs intend to refer to Broadband Installations of Iowa, LLC.

repair work for Broadband in Iowa.[3] However, Plaintiffs have not met their burden to the extent they seek conditional certification of a nationwide collective action. *See Bouaphakeo*, 564 F. Supp. 2d at 891 (noting the burden is on the plaintiffs to show that other employees are similarly situated). Therefore, the Court should deny Plaintiffs' Motion in part.

The case of *Harris v. Chipotle Mexican Grill, Inc.*, 49 F. Supp. 3d 564 (D. Minn. 2014), which considered this issue, is instructive. In *Harris*, the Magistrate Judge found conditional certification of a nationwide class was appropriate. *Id.* at 576. However, the court rejected this finding, as follows:

> That being said, the Court finds that Plaintiffs' evidence is insufficient to establish a colorable basis for a *nationwide* collective action even under the lenient conditional certification standard. The R & R bases the finding of a corporate-wide policy to underpay employees on evidence purportedly showing that labor budgets are set at the corporate level and that pressure to stay within budget was a corporate policy. (R & R, at 17.) However, as Defendant points out, five of the six declarations upon which the Magistrate Judge relied on the latter point concern conduct only at Defendant's Crystal, Minnesota restaurant. (Objs. at 10.) Only Ms. Turner's declaration avers to facts pertaining to other locations, and those locations are limited to a few restaurants in Colorado. (*See id.*) The only other evidence relied upon by the Magistrate Judge consists of the Internet postings from individuals (one who is anonymous and one who does not claim to have worked at one of Defendant's restaurants) located in Victorville, California and Chicago, Illinois, although they do not identify a particular restaurant. (R & R, at 23–24.) Even assuming that both of these postings were made by current or former employees with personal knowledge, and considering them along with the declarations, "[s]uch a limited sampling of employees does not support the Plaintiffs' assertion of widespread violations resulting from a common policy or plan." *West v. Border Foods, Inc.,* Civ. No. 05–2525 (DWF/RLE), 2006 WL 1892527, at *6 (D.Minn. July 10, 2006) (citations omitted). It does, however, support the assertion of violations resulting from a common policy at the Crystal, Minnesota location. Accordingly, this Court will approve a collective action on that basis.

*Id.* at 578-79.

---

[3] Broadband reserves the right to move to decertify the collective action at a later date. *See Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 891 (N.D. Iowa 2008) (describing the two-step approach to collective action certification and noting the second step occurs "after a collective action has been conditionally certified and upon the defendant's motion to decertify").

Similarly, here, nearly all of the admissible evidence Plaintiffs submit in support of their Motion pertains to Broadband's operations in Iowa. Only the Declarations of John Henry Anderson and Jarvis Wilson, submitted as Exhibits F and G, respectively, are related to Broadband's operations in states other than Iowa. Importantly, their knowledge of Broadband independent contractors (other than themselves) is based entirely on hearsay. Exhibit F, ¶¶ 38-39; Exhibit G, ¶¶ 35-36. The Court should decline to consider these statements in ruling on Plaintiffs' Motion, as these declarations must be supported by admissible evidence. *See, e.g.*, *Pennington v. Integrity Communications, LLC*, 2013 WL 357516 at *2 (E.D. Mo. 2013) (denying the plaintiffs' second motion for conditional collective action certification because the declarations in support thereof were based on inadmissible hearsay).

Additionally, and quite tellingly, Plaintiffs cite only the Declaration of Eliott Milakovich in support of their contention that "[e]very technician working for Broadband and Mediacom is classified as an independent contractor." Plaintiffs' Motion, p. 6. This Declaration does not, in fact, support this contention. Mr. Milakovich's Declaration makes it apparent he only has knowledge of Broadband's operations in Iowa. Exhibit C, ¶¶ 2, 3, 7, 14, 36, 37, 38. Mr. Milakovich does not have any personal knowledge of Broadband's operations in any other states. Exhibit C.

This Court has the "responsibility to avoid the stirring up of litigation through unwarranted solicitation of opt-in plaintiffs." *Bouaphakeo*, 564 F. Supp. 2d at 890 (internal quotations omitted). Given the lack of admissible evidence regarding Broadband's operations in states other than Iowa, it would be unwarranted to conditionally certify a nationwide collective action here. Plaintiffs have not met and cannot meet their burden to show Broadband's independent contractors in other states are similarly situated to its independent contractors in Iowa. Accordingly, the Court should deny Plaintiffs' Motion to the extent that Plaintiffs seek conditional certification of a nationwide collective action.

The cases Plaintiffs cite in support of nationwide conditional certification do not support their argument and/or can be distinguished. First, Plaintiffs cite *Beasley v. Custom Commc'n, Inc.*, 2016 WL 5468255 (E.D.N.C. 2016) to argue a nationwide conditional certification is appropriate. Plaintiffs' Motion, p. 10, n.8. However, *Beasley* directly refutes Plaintiffs' argument. In *Beasley*, the court found the plaintiffs "<u>failed to present evidence warranting a nationwide class</u>." *Id.* at *5 (emphasis added). The court certified the collective action only for the five states for which the declarations showed plaintiffs were similarly situated to other technicians. *Id.* at *4-*5. Applying the same logic here, Plaintiffs have only submitted evidence regarding Broadband technicians who operated out of Iowa and Georgia. *See* Exhibits C-H. The evidence regarding Broadband's operations in states other than Iowa is scant and does not suffice to certify a class related to those states. As such, conditional certification of a nationwide collective action would be inappropriate.

In the next case Plaintiffs cite – *Burch v. Qwest Commc'n Int'l, Inc.*, 500 F. Supp. 2d 1181 (D. Minn. 2007) – the court conditionally certified the nationwide collective action based on nineteen affidavits from Qwest locations in five different states. *Id.* at 1190. Here, Plaintiffs submit only six affidavits – four of which are related solely to Broadband's operations in Iowa. *See* Exhibits C-H. The remaining two affidavits are related primarily to Broadband's operations in Georgia. *See* Exhibits F and G. *Burch* can and should be distinguished based on the scope of the affidavits submitted. The affidavits submitted here do not support certification of a nationwide collective action.

The last case Plaintiffs cite in support of their motion for nationwide conditional certification – *Wolph v. Acer America Corp.*, 272 F.R.D. 477 (N.D. Cal. 2011) – concerned a motion for class certification under Federal Rule 23, not a motion for conditional collective action certification. As Plaintiffs recognize, their Motion is not a Rule 23 motion and pertains

4

only to Plaintiffs' claims under the FLSA. Plaintiffs' Motion, p.3 n.4. As such, *Wolph* is inapposite.

For all of the reasons set forth above, Broadband requests the Court deny Plaintiffs' Motion to the extent it seeks conditional collective action certification for a nationwide class.

## II.     PLAINTIFFS' PROPOSED CLASS IS OVERBROAD

Broadband also takes issue with the scope of Plaintiffs' proposed class. Plaintiffs assert that all Broadband "technicians" who worked for Broadband from May 19, 2014 (three years from the date of filing of the Complaint) to the present should be sent notice of the collective action. Plaintiffs' Motion, p. 1; Exhibit I. However, "Many courts around the country require the provision of notice <u>only to persons employed by the defendant within three years of the notice or of the court order approving such notice</u>." *Hussein v. Capital Building Servs. Group, Inc.*, 152 F. Supp. 3d 1182, 1195-96 (D. Minn. 2015) (citing cases from various district courts) (emphasis added). Indeed, Plaintiffs concede the three-year statute of limitations in a collective action brought under the FLSA is not tolled as to unnamed plaintiffs merely by filing a complaint. Plaintiffs' Motion, p. 3. Thus, some potential plaintiffs that fall within Plaintiffs' proposed date range would have their claims barred by the statute of limitations. This would unnecessarily inject additional issues into the case that would waste resources of the parties. As such, only technicians who worked for Broadband within three years of the notice or of the court order approving such notice should be sent notice.

## III.    PLAINTIFFS' PROPOSED NOTICE REQUIRES REVISIONS

Finally, Broadband objects to the form of the Proposed Notice Plaintiffs submit to send to potential opt-in plaintiffs. *See* Exhibit A. First, the Notice should "describe the litigation obligations that prospective plaintiffs may face such as responding to written discovery requests, appearing for depositions, and giving testimony at trial." *Hussein*, 152 F. Supp. 3d at 119. Plaintiffs' Proposed Notice contains a vague description of potential obligations, and

unnecessarily suggests that "not all employees who submit a consent form will be required" to submit to discovery or trial testimony.  Exhibit A, ¶ 4.  Next, Plaintiffs' Proposed Notice indicates an unconditional "right" for potential opt-in plaintiffs to join the lawsuit.  Exhibit A, ¶ 2.  The Notice should be revised to indicate potential opt-in plaintiffs <u>may</u> be eligible to join.  *Hussein* at 1197.  Third, Plaintiffs' Proposed Notice contains bold-faced type that puts undue emphasis on the language contained therein.  Exhibit A, ¶ 3.  This should be omitted.  Fourth, the opening paragraph of paragraph 4 is unnecessarily duplicative of the opening paragraph of enumerated paragraph 3.  *Compare* Exhibit A, ¶ 3 *with* Exhibit A, ¶ 4.  Potential opt-in plaintiffs do not need to be told twice that they will not receive money or other relief, in the event it is awarded, if they do not join the lawsuit.  Fifth, in the interest of full disclosure, Plaintiffs' Proposed Notice should contain an explanation of all of the claims in the lawsuit, and why certain claims are not being pursued on behalf of the class.  Sixth, Plaintiffs' Proposed Notice contains the term "Technicians" without any definition.  *See, e.g.*, Exhibit A, ¶ 1.  To the extent Plaintiffs insist on using that term, it should be defined.  Seventh, as discussed above, the scope of Plaintiffs' Proposed Notice is overbroad, as it purports to include all Broadband "technicians" from May 19, 2014 to the present.  Exhibit A, ¶ 2.  Eighth, Plaintiffs' Proposed Notice mentions "retaliation" in two separate paragraphs.  Exhibit A, ¶¶ 2, 6.  This is unnecessarily suggestive and duplicative.  Ninth, the opening paragraph of Plaintiffs' Proposed Notice does not make sense.  Tenth, paragraph 1 of Plaintiffs' Proposed Notice contains multiple apparent typos.  Exhibit A, ¶ 1.  Eleventh, the second sentence of paragraph 5 is unnecessary and duplicative of the first sentence, and should be stricken.  Exhibit A, ¶ 5.  Twelfth, Plaintiffs propose to set up a website for electronic submission of the consent forms.  Exhibit A, ¶ 3.  While Broadband does not necessarily object to this in principle, Plaintiffs have failed to give any indication of what that website will contain.  Thus, Broadband objects to the extent it has not had an opportunity to review Plaintiffs' proposed website.  Thirteenth, Plaintiffs use the term "employees" in

paragraph four of the Proposed Notice. Exhibit A, ¶ 4. Obviously, there is a dispute in this lawsuit as to whether potential plaintiffs were/are independent contractors or employees, and the Court has not made any determination on this issue. Use of the word "employees" should be omitted. Fourteenth, Plaintiffs should not be permitted to obtain potential plaintiffs' telephone numbers. *See Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1018 (E.D. Mo. 2010) (denying the plaintiffs' request for telephone numbers of potential opt-in plaintiffs in FLSA case). Finally, Plaintiffs' requested 90-day opt-in period is unnecessarily long. As this Court has recently found, "60 days is sufficient time to notify putative class members and allow them to decide whether to opt-in." *Tegtmeier v. PJ Iowa, L.C.*, 208 F. Supp. 3d 1012, 1025 (S.D. Iowa 2016).[4]

Given all of the above issues with Plaintiffs' Proposed Notice, Broadband requests the Court order a meet and confer between all parties' counsel to attempt to reach an agreement regarding the Notice to be sent to potential opt-in plaintiffs. *See Harris* at 582 (ordering the parties to meet and confer regarding the notice to be sent to potential opt-in plaintiffs); *Kalish v. High Tech Institute, Inc.*, 2005 WL 1073645 at *5 (D. Minn. 2005) (same); *Beasley*, 2016 WL 5468255 at *6 (same).

**IV.    CONCLUSION**

WHEREFORE, Defendant Broadband Installations of Iowa, LLC requests the Court:

(1)    Deny Plaintiffs' Motion for Conditional Certification to the extent it seeks certification of a nationwide collective action;

(2)    Deny Plaintiffs' Motion for Conditional Certification to the extent it seeks to send notice to potential plaintiffs beyond three years from the date of entry of the order on Plaintiffs' Motion; and

---

[4] Plaintiffs cite only cases from other jurisdictions in support of their proposed 90-day opt-in period. Plaintiffs' Motion, p. 19, n.18.

(3)     Order the parties to meet and confer regarding the content of the Notice to be sent to potential opt-in plaintiffs if Plaintiffs' Motion is granted.

Dated: September 1, 2017                    Respectfully submitted,

/s/ *Alexander M. Johnson*
Alexander M. Johnson, AT0004024
James W. White, AT0012418

BROWN, WINICK, GRAVES, GROSS,
BASKERVILLE AND SCHOENEBAUM, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone:  515-242-2400
Facsimile:   515-283-0231
E-mail:       ajohnson@brownwinick.com
                   white@brownwinick.com

ATTORNEYS FOR DEFENDANT
BROADBAND INSTALLATIONS OF IOWA, LLC

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on the 1st day of September, 2017, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Nathan Willems
Rush & Nicholson, P.L.C.
115 First Avenue SE, Suite 201
Cedar Rapids, IA 52406
nate@rushnicholson.com

Harold Lichten
Benjamin J. Weber
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
hlichten@llrlaw.com
bweber@llrlaw.com

Camille Fundora
Sarah R. Schalman-Bergen
Shanon J. Carson
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
cfundora@bm.net
sschalman-bergen@bm.net
scarson@bm.net

ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASSES

Andrew B. Murphy
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402
andrew.murphy@faegrebd.com

Samantha Rollins
Faegre Baker Daniels LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309
samantha.rollins@faegrebd.com

ATTORNEYS FOR DEFENDANT MEDIACOM COMMUNICATIONS CORPORATION

                                                  */s/ Lauren M. Bunce*
                                                  Lauren M. Bunce