**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

|  |  |  |
|---|---|---|
| | : | |
| **SCOTT OXFORD, CHRISTOPHER** | : | **Civil Action No. 4:17-CV-178-SMR-RAW** |
| **COLEMAN, JONATHAN GUY, and** | : | |
| **TIFFANY GOTSIS, individually and on** | : | |
| **behalf of all persons similarly situated,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **BROADBAND INSTALLATIONS OF** | : | |
| **IOWA, LLC, and MEDIACOM** | : | |
| **COMMUNICATIONS CORP.,** | : | |
| | : | |
| **Defendants.** | : | |

## SETTLEMENT AGREEMENT

Plaintiffs Scott Oxford, Christopher Coleman, Jonathan Guy, and Tiffany Gotsis ("Plaintiffs") and Defendants Broadband Installations of Iowa, LLC and Mediacom Communications, Corp. ("Defendants") (collectively, the "Parties") hereby agree to the following binding Settlement Agreement in the FLSA collective action lawsuit captioned Oxford, et al. v. Broadband Installations of Iowa, LLC, et al., No. 4:17-cv-178-SMR-RAW (the "Lawsuit").

**WHEREAS**, Plaintiffs filed a Complaint on May 19, 2017, alleging that they and similarly situated individuals were misclassified as independent contractors and asserting the following claims against Defendants: 1) under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for alleged failure to pay overtime compensation to Plaintiffs and similarly situated individuals; 2) under the Iowa Wage Payment Collection Law ("IWPCL"), Iowa Code § 91A.5, for making allegedly unlawful deductions from the pay of Plaintiffs and similarly situated individuals for items such as equipment, damage claims, return service calls, and insurance; and 3) under the Iowa common law of unjust enrichment.

**WHEREAS**, on December 19, 2017, the Court granted conditional certification and sending Court-approved Notice to a collective of: All Technicians who were classified as independent contractors while performing installation and repair work for Broadband Installations of Iowa, LLC on behalf of Mediacom in the United States from May 19, 2014 to the present. After notice was sent, a total of 190 individuals, including Plaintiffs, have filed Opt-In Consent Forms to join the Lawsuit.

**WHEREAS**, Defendants deny all of the allegations made by Plaintiffs in the Lawsuit and deny that they are liable to or owe damages to anyone with respect to the alleged facts or causes

of action asserted in the Lawsuit. Nonetheless, to avoid incurring additional costs in the Lawsuit and without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Lawsuit on the terms and conditions set forth in this Settlement Agreement; and

**WHEREAS**, on May 16, 2018, the Parties participated in a mediation session of this matter on behalf of Plaintiffs and the Opt-In Plaintiffs, which was conducted by Magistrate Judge Ross A. Walters in Des Moines, Iowa, and reached an accord after continuing their settlement discussions under the supervision of the mediator as set forth in this Settlement Agreement; and

**WHEREAS**, Class Counsel have analyzed and evaluated the merits of the claims made against Defendants in the Lawsuit, conducted interviews with Plaintiffs and the Opt-In Plaintiffs, obtained and reviewed documents relating to Defendants' compensation policies and practices, and analyzed payroll data that they obtained from Defendants prior to the mediation, and based upon their analysis and evaluation of a number of factors, and recognizing the risks of litigation, are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, and adequate and that this Settlement Agreement is in the best interests of Plaintiffs and the Opt-In Plaintiffs;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Settlement Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Lawsuit on the following terms and conditions:

1.      This settlement is on behalf of Plaintiffs and the Opt-In Plaintiffs listed on Exhibit A attached hereto ("FLSA Settlement Members"). There are 190 FLSA Settlement Members, including Plaintiffs.

2.      In connection with this Settlement, the Parties agree to stipulate to a dismissal of Plaintiffs' Rule 23 class claims with prejudice as to the 190 FLSA Settlement Members.



3.      This lawsuit is settled for ▆▆▆▆▆▆▆▆▆▆▆ (▆▆▆▆▆). This sum (the "Total Settlement Amount") includes, subject to Court approval: (a) Class Counsel's attorneys' fees in an amount not to exceed one third of the Total Settlement Amount (▆▆▆▆▆); and (b) service awards to Plaintiffs in the amount of ▆▆▆▆ (▆▆▆▆ for Scott Oxford and ▆▆▆▆ each for Christopher Coleman, Jonathan Guy, and Tiffany Gotsis).

4.      Defendants shall be responsible for their own attorneys' fees and costs.

5.      After subtracting the amounts itemized in Paragraph 3(a)-(c) from the Total Settlement Amount, the balance of the funds ("Net Settlement Amount") totaling ▆▆▆▆ shall be apportioned among all FLSA Settlement Members as follows:

a.      The amount of ▆▆▆ per FLSA Settlement Member will be deducted from the Net Settlement Amount prior to the determination of *pro rata* individual settlement shares and allocated to each FLSA Settlement Member so that each FLSA Settlement Member receives at least ▆▆▆ in exchange for his/her release in this Settlement Agreement; and

      b.     FLSA Settlement Members will receive a *pro rata* share of the available remaining amount in the Net Settlement Amount after application of the preceding paragraph, based upon an analysis of their overtime worked and the deductions taken from their pay in relative proportion to other FLSA Settlement Members, which information has been produced in this litigation by Defendants.

     6.     The Settlement Awards shall be reported on an IRS Form 1099, and shall not be subject to withholding taxes. Plaintiffs will be issued an IRS Form 1099 with respect to their service awards. Class Counsel will provide a W-9 Form to Defendants in connection with their attorneys' fees and costs.

     7.     Plaintiffs will file a Motion for Approval of FLSA Settlement and request a dismissal with prejudice of the Lawsuit. Within thirty (30) days from the Court's Approval Order or the conclusion of any appeal, whichever is later, Defendants will deposit the Total Settlement Amount into an escrow account identified by Class Counsel. Class Counsel shall thereafter, as soon as reasonably practicable, pay from the escrow account, consistent with the Court's Approval Order: (a) Class Counsel's attorneys' fees and expenses; (b) the service awards; and (c) the individual settlement amounts due to the FLSA Settlement Members pursuant to the formula set forth in Paragraph 5, above. All payments shall be made within 30 days after the Total Settlement Amount is received by Class Counsel.

     8.     Class Counsel shall be responsible for calculating each FLSA Settlement Members' share of the Net Settlement Amount using the formula set forth in Paragraph 5, above.  No later than ten (10) business days after Defendants deposit the Total Settlement Amount into the escrow account identified by Class Counsel, Class Counsel will provide Defendants with the completed settlement share calculations.

     9.     Within 30 days after the Total Settlement Amount is received by Class Counsel, Class Counsel shall mail all FLSA Settlement Members via First Class Mail: (a) a Notice of Settlement in the form attached hereto as Exhibit B, the terms of which are incorporated as if fully set forth here, and made a part of this Agreement, and (b) a settlement check for their respective share of the Net Settlement Amount.

     10.     Upon cashing or depositing their settlement check, each FLSA Settlement Member shall release Defendants and their past, present, and future owners, parent companies, subsidiaries, employees, affiliates, divisions, predecessors, and successors (collectively with Defendants, the "Released Parties") for any and all claims at any time through the date this Settlement Agreement is executed related to the alleged misclassification of them as independent contractors as opposed to employees and to Mediacom allegedly being their direct or joint employer, including, without limitation, all state, local or federal claims, obligations, demands, actions, rights, causes of action, liabilities, and damages, or any other causes of action of whatever nature, whether known or unknown for alleged unpaid overtime wages, deductions, underpayment of wages, nonpayment of wages or compensation of any type, or any and all other types of compensation, liquidated or other damages (including actual, compensatory, incidental, indirect, consequential, exemplary, punitive,) unpaid costs, penalties, interest, attorneys' fees, costs, expenses, expert costs, rescission,

equitable relief, reinstatement, declaratory and/or injunctive relief, restitution or other compensation and relief arising under the FLSA or any other state, local or federal law pertaining to payment of wages (collectively, the "Released Claims").

11.    Each settlement check sent to FLSA Settlement Members will contain the following endorsement on the back of each check to satisfy any applicable procedural protocols under the FLSA:

> By cashing or depositing this check, I agree to release Defendants and the Released Parties from all alleged independent contractor misclassification claims, wage claims, claims for deductions, and any other claims that were or could have been asserted in this action, that accrued during my work with Defendants at any time through [date of Settlement Agreement].

12.    All settlement checks will remain negotiable for 180 days from the date they are issued. The Settlement Agreement is non-reversionary. At any point prior to the 180-day deadline, Class Counsel shall have the authority to stop payment on a lost check and issue a new check to an FLSA Settlement Member upon request, and Class Counsel may contact FLSA Settlement Members who have not cashed their checks to obtain updated addresses or remind them to cash their check. At the conclusion of the 180-day check-cashing period, any money remaining from uncashed checks shall be distributed by Class Counsel to a *cy pres* recipient, the non-profit organization, Public Justice.

13.    Subject to the Court's Approval Order, Class Counsel shall receive attorneys' fees in the amount of one-third of the Total Settlement Amount (███████). These amounts will compensate Class Counsel for all work performed in the Lawsuit as of the date of this Settlement Agreement and all work remaining to be performed, including but not limited to documenting the settlement, securing Court approval of the Settlement Agreement, and taking responsibility to fairly administer the settlement and oversee this case through the Court's dismissal order and any further proceedings.

14.    While this Settlement Agreement was negotiated at arm's-length with the assistance of a mediator, the Parties agree to cooperate with each other in good faith to implement the terms of this Settlement Agreement. No Party will discourage participation in this Settlement Agreement.

15.    If the Court does not enter an Order approving this Settlement Agreement, then this Settlement Agreement shall become null and void and shall not be admissible in any proceeding.

16.    This Agreement shall be governed by the laws of the State of Iowa and, where applicable, the laws of the United States, without regard to conflict of law principles.

17.    The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties hereto submit to the jurisdiction of the

Court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

18.     This Settlement Agreement reflects the settlement of a *bona fide* FLSA dispute regarding overtime hours worked and alleged compensation owed. Defendants contest Plaintiffs' and the FLSA Settlement Members' claims in good faith and nothing contained herein should be construed as an admission by any party of any liability of any kind. Defendants deny the allegations in the Lawsuit, and deny that they engaged in any wrongdoing or violation of law.  Defendants are entering into this Settlement Agreement because the Settlement will eliminate the burden, risk and expense of further litigation.

19.     Except for purposes of settling the Lawsuit and obtaining Court approval of the Settlement Agreement, neither this Settlement Agreement, nor any term therein, document, statement, proceeding, or action taken to carry out this Settlement Agreement, or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage whatsoever including any concession that certification of an FLSA class other than for purposes of this Settlement Agreement would be appropriate in this or any other case.

20.     This Settlement Agreement and its exhibits, which are fully incorporated as if set forth herein, set forth the complete agreement between the Parties relating to the settlement and any and all payments or obligations owed by Defendants to Plaintiffs, the FLSA Settlement Members or Class Counsel in connection with the Lawsuit or as to any Released Claims. No term, provision or condition of this Settlement Agreement may be modified or waived in any respect except by a writing executed by Plaintiffs and a duly authorized representative of all Defendants. Except as expressly set forth herein, no person has made any representations or promises on behalf of any of the Parties. This Settlement Agreement has not been executed in reliance upon any representation or promise except those contained herein.

21.     This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of Plaintiffs, the FLSA Settlement Members, and Defendants.

22.     The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

23.     The failure of any Party to enforce or to require timely compliance with any term or provision of this Settlement Agreement shall not be deemed to be a waiver or relinquishment of rights or obligations arising hereunder, nor shall such failure preclude or estop the subsequent enforcement of such term or provision or the enforcement of any subsequent breach.

24. This Settlement Agreement has been drafted jointly by counsel for the Parties. Hence, in any construction or interpretation of this Settlement Agreement, the same shall not be construed against any of the Parties.

25. This Settlement Agreement may be executed in multiple counterparts (including via emailed or DocuSign copies), each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

26. The signatories to this Settlement Agreement represent that each is fully authorized to enter into this Settlement Agreement on behalf of themselves or their respective principals. The Notice of Settlement attached as Exhibit C, which is incorporated into this Agreement, will inform all FLSA Settlement Members of the binding nature of this Settlement Agreement and that it will have the same force and effect as if this Settlement Agreement were executed by each FLSA Settlement Member.

**FOR PLAINTIFFS AND THE FLSA SETTLEMENT MEMBERS**

_____        Dated: _7/31/2018_

Harold Lichten
Benjamin J. Weber
LICHTEN & LISS-RIODAN

Shanon J. Carson
Sarah R. Schalman-Bergen
Camille Fundora
BERGER & MONTAGUE, P.C.

Nate Willems
RUSH & NICHOLSON, P.L.C.

**SCOTT OXFORD**

_Scott oxford_
_____        Dated: _07/30/2018_
Scott Oxford

**CHRISTOPHER COLEMAN**

_____        Dated: _____
Christopher Coleman

6

24.     This Settlement Agreement has been drafted jointly by counsel for the Parties. Hence, in any construction or interpretation of this Settlement Agreement, the same shall not be construed against any of the Parties.

25.     This Settlement Agreement may be executed in multiple counterparts (including via emailed or DocuSign copies), each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

26.     The signatories to this Settlement Agreement represent that each is fully authorized to enter into this Settlement Agreement on behalf of themselves or their respective principals. The Notice of Settlement attached as Exhibit B, which is incorporated into this Agreement, will inform all FLSA Settlement Members of the binding nature of this Settlement Agreement and that it will have the same force and effect as if this Settlement Agreement were executed by each FLSA Settlement Member.

**FOR PLAINTIFFS AND THE FLSA SETTLEMENT MEMBERS**


_____     Dated: _____
Harold Lichten
Benjamin J. Weber
LICHTEN & LISS-RIODAN

Shanon J. Carson
Sarah R. Schalman-Bergen
Camille Fundora
BERGER & MONTAGUE, P.C.

Nate Willems
RUSH & NICHOLSON, P.L.C.


**SCOTT OXFORD**


_____     Dated: _____
Scott Oxford


**CHRISTOPHER COLEMAN**


*Christopher Coleman*
_____     Dated: _07/30/2018_____
Christopher Coleman

6

**JONATHAN GUY**

_Jonathan T Guy_
_____     Dated: 07/31/2018
Jonathan Guy                                              _____


**TIFFANY GOTSIS**

_____     Dated: _____
Tiffany Gotsis


**FOR BROADBAND INSTALLATIONS OF IOWA, LLC**

_____     Dated:_____
By:


**FOR MEDIACOM COMMUNICATIONS CORP.**

_____     Dated:_____
By:

**JONATHAN GUY**

_____    Dated: _____

Jonathan Guy


**TIFFANY GOTSIS**

*Tiffany Gotsis*
_____    Dated: 07/30/2018 _____

Tiffany Gotsis


**FOR BROADBAND INSTALLATIONS OF IOWA, LLC**

_____    Dated:_____

By:


**FOR MEDIACOM COMMUNICATIONS CORP.**

_____    Dated:_____

By:

7

**JONATHAN GUY**

_____     Dated: _____
Jonathan Guy


**TIFFANY GOTSIS**

_____     Dated: _____
Tiffany Gotsis


**FOR BROADBAND INSTALLATIONS OF IOWA, LLC**

_____     Dated:  7 - 30 - 18
By: Melvin Harter , President


**FOR MEDIACOM COMMUNICATIONS CORP.**

_____     Dated: _____
By:

7

_____     Dated: _____
Christopher Coleman

**JONATHAN GUY**

_____     Dated: _____
Jonathan Guy

 **TIFFANY GOTSIS**

_____     Dated: _____
Tiffany Gotsis

**FOR BROADBAND INSTALLATIONS OF IOWA, LLC**

_____     Dated:_____
By:

**FOR MEDIACOM COMMUNICATIONS CORP.**

_____     Dated: 7/30/18
By: Mark Stephan, Chief Financial Officer

7

# EXHIBIT A

## Broadband Class Members

1.
2.
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.
29.
30.
31.
32.
33.
34.
35.
36.
37.
38.
39.
40.
41.
42.
43.
44.
45.



46.
47.
48.
49.
50.
51.
52.
53.
54.
55.
56.
57.
58.
59.
60.
61.
62.
63.
64.
65.
66.
67.
68.
69.
70.
71.
72.
73.
74.
75.
76.
77.
78.
79.
80.
81.
82.
83.
84.
85.
86.
87.
88.
89.
90.
91.
92.



93.
94.
95.
96.
97.
98.
99.
100.
101.
102.
103.
104.
105.
106.
107.
108.
109.
110.
111.
112.
113.
114.
115.
116.
117.
118.
119.
120.
121.
122.
123.
124.
125.
126.
127.
128.
129.
130.
131.
132.
133.
134.
135.
136.
137.
138.
139.



140.
141.
142.
143.
144.
145.
146.
147.
148.
149.
150.
151.
152.
153.
154.
155.
156.
157.
158.
159.
160.
161.
162.
163.
164.
165.
166.
167.
168.
169.
170.
171.
172.
173.
174.
175.
176.
177.
178.
179.
180.
181.
182.
183.
184.
185.
186.



187.
188.
189.
190.



# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| SCOTT OXFORD, CHRISTOPHER COLEMAN, JONATHAN GUY, and TIFFANY GOTSIS individually and on behalf of all persons similarly situated, | : : : : | **Civil Action No. 4:17-CV-178-SMR-RAW** |
| **Plaintiffs,** | : : | |
| **v.** | : : | |
| BROADBAND INSTALLATIONS OF IOWA, LLC, and MEDIACOM COMMUNICATIONS CORP., | : : : : | |
| **Defendants.** | : | |

**NOTICE OF COLLECTIVE ACTION SETTLEMENT**
**AND SETTLEMENT AWARD CHECK**

**TO:** [Settlement Class Member Name]
[Address]
[Address]

*The Court authorized this Notice of Collective Action Settlement*
*and Settlement Award Check. This is not a solicitation.*
*This is not a lawsuit against you and you are not being sued.*

**PLEASE READ THIS NOTICE CAREFULLY.**

**1.    Why Have You Received This Notice?**

You received this Notice because you opted in to the *Oxford, et al. v. Broadband Installations of Iowa, LLC, et al.*, No. 4:17-cv-178 (S.D. Ia.) lawsuit ("Lawsuit").

Plaintiffs Scott Oxford, Christopher Coleman, Jonathan Guy, and Tiffany Gotsis (together, "Plaintiffs") and Defendants Broadband Installations of Iowa, LLC ("Broadband") and Mediacom Communications Corp. ("Mediacom") (together, "Defendants") agreed to settle this Lawsuit on behalf of a collective of approximately 190 Members (collectively, the "Settlement Class Members"). The Lawsuit alleges that Settlement Class Members should have been paid overtime compensation when they worked more than forty hours per week. On *******, the United States District Court for the Southern District of Iowa approved the Settlement as fair and reasonable.

Broadband and Mediacom deny all of the allegations made by Plaintiffs in the Lawsuit and deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of

action asserted in the Lawsuit. Nonetheless, to avoid incurring additional costs in the lawsuit and without admitting or conceding any liability or damages whatsoever, Broadband and Mediacom have agreed to settle the Lawsuit on the terms and conditions set forth in the settlement.

**This Notice explains the terms of the settlement and your right to your award under the settlement.**

**2.    What Are The Terms Of The Settlement?**

Under the terms of the Settlement Agreement ("Settlement Agreement"), Broadband and Mediacom agreed to pay ███████████████████████████████ to settle the claims asserted in this lawsuit (the "Gross Settlement Amount"). Deductions from this amount were made for (a) Class Counsel's attorneys' fees in an amount of one-third (1/3) of the Gross Settlement Amount, which amount shall also include reimbursement of Class Counsel's out-of-pocket costs; and (b) service awards to Plaintiff Scott Oxford of ███████ and to Plaintiffs Christopher Coleman, Jonathan Guy and Tiffany Gotsis of ███████ each. After subtracting these amounts from the Gross Settlement Amount, the balance of the funds (the "Net Settlement Amount") was apportioned among all eligible Settlement Class Members.

**Your Settlement Award check is enclosed. Please note that your check will automatically expire within 180 days,** *i.e.***, by [INSERT DATE]. Therefore, please remember to cash or deposit your check AS SOON AS POSSIBLE.** After this expiration date, depending on the amount of any uncashed remaining funds, these funds will either be redistributed to the other class members on a *pro rata* basis or sent to Public Justice, the *cy pres* recipient approved by the Court.

The Settlement Awards were calculated by Class Counsel as follows from payroll records and job logs produced by the Defendants:

- The amount of ████ per Settlement Class Member was deducted from the Net Settlement Amount prior to the determination of *pro rata* individual settlement shares and allocated to each Settlement Class Member so that each Settlement Class Member receives at least ████ in exchange for his/her release in this Settlement Agreement.

- From the remaining Net Settlement Amount, Settlement Class Members were awarded a *pro rata* share based on their total potential damages from approximately three years prior to their filing their Opt-In Consent Form in this case. The potential damages consisted of 1) the total amount of deductions that Broadband made from their pay for items such as damage claims, equipment, return service calls, fails QC checks; and 2) the amount of overtime (over 40 hours in a workweek) that each Settlement Class Member worked.

- The total number of Settlement Shares for all Settlement Class Members were added together and the resulting sum was divided into the Net Settlement Amount (less the allocation of ████ per Settlement Class Member) to reach a per Settlement Share dollar figure. That figure was then multiplied by each Settlement Class Member's total

number of Settlement Shares, and added to the ▇▇▇ minimum base payment to determine the individual Settlement Class Member's Settlement Award.

- The amount of each Settlement Class Members' deductions was based on payroll records produced by Broadband and job completion data produced by Mediacom, and overtime was calculated assuming an average workday of 10 hours per day that job logs showed the class member worked.

Your settlement award will be reported on an IRS Form 1099, and shall not be subject to withholding taxes. We cannot provide you with any tax advice and you should contact your accountant or tax related advisors for any questions about taxes you may owe on these amounts.

By depositing or cashing your Settlement Award check, you release Broadband and Mediacom and all of their past, present, and future owners, parent companies, subsidiaries, managers, members, affiliates, divisions, predecessors, and successors as well as the respective, past, present, and future owners, partners, shareholders, investors, controlling persons, directors, officers, fiduciaries, trustees, accountants, employees, insurers, reinsurers, attorneys, and agents in any of those companies (collectively with Broadband and Mediacom, the "Released Parties") for any and all claims at any time through the date of the Settlement Agreement including, without limitation, all state, local or federal claims, obligations, demands, actions, rights, causes of action, liabilities, and damages, or any other causes of action of whatever nature, whether known or unknown for alleged unpaid overtime wages, underpayment of wages, nonpayment of wages, bonuses, incentive compensation of any type, or any and all other types of compensation, liquidated or other damages (including actual, compensatory, incidental, indirect, consequential, exemplary, punitive), unpaid costs, penalties, interest, attorneys' fees, costs, expenses, expert costs, rescission, equitable relief, reinstatement, declaratory and/or injunctive relief, restitution or other compensation and relief arising under the FLSA or any other state, local or federal law pertaining to payment of wages (collectively, the "Released Claims").

In depositing or cashing your Settlement Award check, you agree to keep the amount of your Settlement Award confidential, and not disclose this information except to your spouse, attorney, or tax preparer, or as otherwise required by law. Cashing your Settlement Award check does not prevent you from filing a charge with the United States Equal Employment Opportunity Commission or any other governmental agency, providing information to a governmental agency, participating in an investigation conducted by a governmental agency, or responding to a subpoena or other court order.

**3.      Can I Be Retaliated Against For Cashing My Check?**

No. If you are a current technician for Broadband servicing Mediacom's customers, your relationship with Broadband and Mediacom will not be affected by cashing your Settlement Award check. In fact, Broadband and Mediacom encourage you to cash or deposit your Settlement Award check.

**4.      Who Are The Attorneys Representing Plaintiffs And The Class Members?**

Plaintiffs and the Settlement Class are represented by the following attorneys:

Shanon J. Carson
Sarah R. Schalman-Bergen
Camille Fundora
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3033
Facsimile: (215) 875-4604
Email: cfundora@bm.net
Website: www.bergermontague.com

Harold Lichten
Benjamin J. Weber
Kelsey McCarty (paralegal)
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
Email: rshuford@llrlaw.com
Website: www.llrlaw.com

Nate Willems
**RUSH & NICHOLSON, P.L.C.**
P.O. Box 637
Cedar Rapids, Iowa 52406
Telephone: (319) 365-5209
Facsimile: (319) 363-6664
Email: nate@rushnicholson.com

**5.     How Will the Attorneys for the Settlement Class Be Paid?**

You do not have to pay the attorneys who represent the Collective separately. The Court has approved an attorneys' fee payment to Plaintiffs' Counsel in the amount of one-third (1/3) of the Gross Settlement Amount, which includes out-of-pocket costs and notice costs.

**6.     Who May I Contact If I Have Further Questions?**

IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS, please contact Kelsey McCarty, Paralegal, Lichten & Liss-Riordan, P.C., at email: kmccarty@llrlaw.com or telephone at (617) 994-5800.

This Notice only summarizes the Lawsuit, the Settlement and related matters. For more information, you may inspect the Court files at the Office of the Clerk, United States District Court for the Southern District of Iowa, located at 123 East Walnut Street, Des Moines, Iowa, from 8:30 a.m. to 4:30 p.m.

**PLEASE DO NOT CONTACT THE COURT.**